CLERK'S OFFICE U.S. DIS⁻ ⁻ᴏᵁ⁻⁻
AT ROANOKE, V/
FILED

NOV 3 0 20C⁻

JOHN F. CORCORAN
BY:
DEPUTY CLE⁻

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRIAN ERIC MILLER, )
)
    Petitioner, )
) Case No. 7:09CV00438
)
v. )
) MEMORANDUM OPINION
)
WARDEN AT COLD SPRINGS ) By: Glen E. Conrad
CORRECTIONS, ) United States District Judge
)
    Respondent.

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his

confinement pursuant to the 2007 judgment of the Page County Circuit Court under which he

stands convicted of conspiracy, forgery, uttering, grand larceny, and attempted grand larceny.

Upon review of the record, the court finds that the petition must be dismissed.

## Background

Brian Eric Miller pleaded guilty before the Page County Circuit Court on May 9, 2007 to

each of the following offenses: one count of conspiracy to commit grand larceny between

December 20, 2006 and January 9, 2007; three counts of forgery, three counts of uttering, and

three counts of grand larceny by fraud for conduct committed on December 20, 2009; three

counts of forgery, three counts of uttering, and three counts of grand larceny by fraud for conduct

committed on December 21, 2009; and three counts of forgery, three counts of uttering, two

counts of grand larceny by fraud, one count of attempted larceny by fraud, and one count of

grand larceny, for conduct committed on January 9, 2007. (Petition, Attachment, Sentencing

Order.) The Court sentenced Miller on September 12, 2007 to three years on each of the 29

charges, for a total of 87 years imprisonment, with 82 years suspended, leaving an active

sentence of five years to serve. (Id.) Miller did not appeal. On August 22, 2008, Miller filed a

petition for a writ of habeas corpus in the Supreme Court of Virginia, which the Court dismissed

on January 5, 2009. (Record No. 081707.) Miller filed a second habeas petition in the Supreme Court of Virginia on July 20, 2009, which the Court dismissed on September 24, 2009. (Record No. 091513.)

Miller signed and dated his federal habeas petition on October 10, 2009, and the United States District Court for the Eastern District of Virginia received and filed the petition on October 22, 2009. Because the state court that entered the challenged conviction is located within the territorial jurisdiction of this court, the Eastern District transferred the case by order dated October 27, 2009. The court notified Miller by order entered November 2, 2009 that his petition appeared to be untimely filed, pursuant to 28 U.S.C. § 2244(d), and granted him an opportunity to provide additional information about timeliness. His additional responses have been docketed and considered by the court.

In his federal petition, Miller alleges the following grounds for relief:

1. Petitioner was erroneously convicted and sentenced for crimes that occurred on December 20, 2006, although evidence in the record indicated that he participated only in crimes committed on December 21, 2006 and January 9, 2007;

2. Petitioner was erroneously convicted and sentenced for attempted grand larceny charged as occurring on December 21, 2006, where the trial record and video surveillance clearly reflected that his codefendant acted alone in committing this conduct;

3. Petitioner was erroneously convicted and sentenced on an additional forgery charge, an additional charge of uttering and one additional charges of grand larceny, although the trial record and surveillance reflected only two counts of each charge, not three;

4. Counsel provided ineffective assistance by (a) waiving the formal reading of the indictments which led petitioner to plead guilty to crimes he did not commit; (b) not knowing the dates of the conduct that related to particular charges; (c) failing to discuss with petitioner the lack of evidence to support a guilty plea to any offense conduct that occurred on December 20, 2006; and

5.      Newly obtained trial transcripts will prove that petitioner was not in the store during the crimes committed on December 20, 2006, and so is actually innocent of all charges for conduct on that day.

As relief, Miller asks that the erroneous convictions from December 20 and 21, 2006 be vacated and that he be resentenced on the remaining convictions.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

Miller's convictions became final on October 12, 2007, thirty days after entry of the judgment, upon expiration of his time to file a direct appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. On that same day, the one-year period under § 2244(d)(1)(A) to file a § 2254 petition began to run for Miller. On August 22, 2008, after 315 days of the period had expired, Miller filed his first state habeas petition, thus tolling the federal filing period under § 2244(d)(2). When the state petition was dismissed on

---

[1] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

January 5, 2009, the federal filing period began to run again and expired on or about February 24, 2009.

The one-year filing period under § 2244(d)(1)(A) had already expired by the time Miller filed his second state habeas petition in the Supreme Court of Virginia on July 20, 2009. Therefore, the pendency of that petition did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run.").

Miller filed his federal habeas petition, at the earliest, on October 10, 2009, well beyond the requisite one-year statute of limitations that expired on February 24, 2009.[2] As a result, Miller's petition is untimely under § 2244(d)(1)(A).

Miller argues that he had one year from the date on which the Supreme Court of Virginia denied his first habeas petition in which to file his § 2254 petition. He is mistaken. Section 2244(d)(1)(A) does not establish a right to file a § 2254 petition within one year after completion of state habeas proceedings. See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) (finding that language of § 2244(d) "provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the conclusion of direct review" and cannot be reasonably construed to suggest that filing period "commence[s] on the conclusion of State post-conviction proceedings.") (internal quotations omitted); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (finding that timely filed state court habeas proceeding does not reset federal limitation period to begin when state habeas proceeding concludes).

Miller also presents facts on which his federal filing period arguably could be calculated under § 2244(d)(1)(D), based on the date when he obtained a transcript of the guilty plea hearing from a codefendant, at some point after he filed his initial state habeas petition. He submits a

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). It appears that Miller signed his petition on October 10, 2009. Accordingly, the court will assume for purposes of this opinion that it was "filed" on that date.

portion of the transcript in which an unidentified defendant (Tina Burns) testifies about not having participated with codefendants in the offense conduct committed on December 20, 2006. Miller asserts that, like Burns, he did not participate directly in all of the offense conduct and should only have been charged for offense conduct in which he did participate. Miller complains that his attorney waived the reading of the indictments at the guilty plea hearing and that when the court read the indictment numbers during the guilty plea hearing, the court did not link the date of each incident of offense conduct with the charges. For this reason, Miller now claims he did not recognize that he was pleading guilty to offenses in which he did not participate. Allegedly, only after he received the hearing transcript did he discover the basis for his current claims that he pleaded guilty to, and that he was sentenced for crimes he did not commit.

As stated, by order entered November 2, 2009, the court directed Miller to submit within twenty (20) days any additional information about his post-conviction proceedings in the state courts and "to present any additional argument or evidence concerning the timeliness of his petition under § 2244(d)." Neither Miller's responses to this order nor his initial petition and attachments offer any evidence or allegation as to the specific date on which he received the plea hearing transcript from his codefendant or why he could not have obtained it earlier. More importantly, he does not explain why he did not know from other sources that he had pleaded guilty to offenses committed on December 20, 2006.[3] First, the sheer number of convictions and sentences imposed upon him by the trial court should have put him on notice, during the plea hearing and the sentencing hearing, that he had been convicted of more offenses than those in which he had personally participated. Second, the sentencing order itself lists all the charges on which Miller was convicted and sentenced, and beside each indictment number and charge

---

[3] The mere fact that Miller did not go into the stores or endorse the fake checks on each occasion of fraud and theft does not prove his actual innocence of the offenses committed by his cohorts with his knowledge and approval. See, e.g., Dunn v. Commonwealth, 665 S.E.2d 868, 871 (Va. App. 2008) ("Every person who is present at the commission of a [crime], encouraging or inciting the same by words, gestures, looks, or signs, or who in any way, or by any means, countenances or approves the same is, in law, assumed to be an aider and abettor, and is liable as principal.") (citations omitted and emphasis added).

appears the date on which the offense conduct occurred. (Petition, Attachment, Sentencing Order.) Miller does not allege that this order was unavailable to him for any reason at the time he filed his initial state habeas petition. Under these circumstances, Miller fails to demonstrate that, with due diligence, he could not have discovered the grounds for his current claims at a much earlier date. As he thus fails to meet the elements of § 2244(d)(1)(D), he cannot rely on this section to argue that his § 2254 petition is timely filed.

For the same reason, Miller fails to demonstrate any ground on which he would be entitled to equitable tolling of the federal filing period under § 2244(d)(1)(A). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998). As Miller makes no such showing of "reasonable diligence" regarding his attempts to discover the facts on which his current claims are based, the court concludes that he is not entitled to equitable tolling of the limitation period under § 2244(d)(1)(A).

## Conclusion

For the stated reasons, the court finds it clear from the face of Miller's submissions that his § 2254 petition is untimely under § 2244(d)(1) and that he is not entitled to equitable tolling. Accordingly, the petition must be summarily dismissed, pursuant to Rule 4 of the Rules Governing §2254 Cases.[4]  An appropriate order will issue this day.

---

[4] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of NOVEMBER, 2009.

_____
United States District Judge